UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPHINE HAVLAK PHOTOGRAPHER, INC.; JOSEPHINE HAVLAK; WILLIAM JOSEPH HILL; and MARY KATHERINE HILL, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 4:15CV00518 AGF |
| VILLAGE OF TWIN OAKS; KATHY RUNGE, Village of Twin Oaks Clerk/ Controller; and ST. LOUIS COUNTY POLICE CHIEF JON BELMAR, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This action for declarative and injunctive relief is before the Court on Defendants' motion to dismiss Plaintiffs' Third Amended Complaint for lack of standing and failure to state a claim. The motion was filed by Defendants Village of Twin Oaks and Village Clerk/Controller Kathy Runge, and adopted by Defendant St. Louis County Police Chief Jon Belmar. Plaintiffs in this case seek (1) declaratory judgment that a municipal ordinance of the Village regulating commercial activity within Twin Oaks Park is an unconstitutional prior restraint on protected First Amendment activity, and (2) preliminary and permanent injunctive relief against Defendants' enforcement of the ordinance. For the reasons set forth below, Defendants' motion to dismiss shall be denied as to Plaintiffs Josephine Havlak Photographer, Inc., and Josephine Havlak; and

granted as to Plaintiffs William Joseph Hill and Mary Katherine Hill.

## **BACKGROUND**

Plaintiff Josephine Havlak Photographer, Inc., is a corporation offering commercial photography services, focusing on engagement, wedding, and portrait photography; Plaintiff Josephine Havlak, a professional photographer who takes all the photographs on behalf of Havlak Photographer, Inc., is the sole corporate officer and director of the company (jointly, "the Havlak Plaintiffs"). Plaintiffs William Joseph Hill and Mary Katherine Hill (jointly, "the Hills") are a married couple wishing to engage the Havlak Plaintiffs' services. The Havlak Plaintiffs have determined that Twin Oaks Park (the "Park") is "an ideal place" to take photos of the Hills. (Doc. No. 46 at 5.)

Village Ordinance No. 459 provides in relevant part, as follows:

*Regulation of Solicitations and Commercial Activities.* Solicitation of any business or service is prohibited. No person, firm, or corporation is permitted to offer or advertise merchandise or other goods for sale or hire. Excepting village-sponsored events and activities, the maintaining of a concession or the use of any park facility, building, trail, road, bridge, bench, table or other park property for commercial purposes is prohibited unless a permit is issued by the Board of Trustees or their designated representative(s). Such permit shall be clearly displayed by the person(s) seeking to conduct commercial activities within the park. The permitting process will help to ensure that the Village is aware of the activity taking place within the park, that the proposed date/time/location does not conflict with the scheduled activities/events/operations, and that no harm is done to the landscape of the park. In its review of the permit request, the Board of Trustees or its designated representative(s) should consider:

1. The risk of damage and injury as set forth in Sections 220.020(B)-(E);

2. The disruption of or conflict with the public's use and enjoyment of the park;

3. Whether the issuance of such permit may result in crowded or congested

2

conditions due to the anticipated number of attendees for a planned event.

4. The nature of the requested activity, including whether such activity involves:

   a. the sale of products or items, which is prohibited unless it is a First Amendment protected activity;

   b. the use of furniture, tents (as that term is defined in Section 220.040(D)) or large "prop" amenities, which is prohibited; or

   c. the use of models or equipment.

5. The time and duration requested for such commercial purposes, including:

   a. Whether the activity will exceed one (1) hour;

   b. Whether the number of people involved exceeds ten (10); or

   c. Whether the time requested conflicts with a period of peak visitation to the park or other scheduled events, activities, or operations.

Any permit request involving less than ten (10) people, lasting for less than one (1) hour, and complying with the above, will be granted by the Village Clerk/Controller or a designee. All permit requests must be submitted at least forty-eight (48) hours before the proposed activities. Any permit request involving more than ten (10) people, lasting more than one (1) hour, or otherwise conflicting with any of the above factors must be submitted at least fourteen (14) days in advance of the proposed activities so that the Board of Trustees may review the request and the permitted authority may be limited to certain designated areas. Each permit issued by the Village shall only be effective on the date and time specified on the permit. Specific permit fees shall be set by the Board of Trustees from time to time and shall be posted on the Village's website.

Plaintiffs claim in their Third Amended Complaint (Doc. No. 37) that the ordinance impermissibly restricts their First Amendment freedom of expression and

violates their due process rights under the Fourth and Fourteenth Amendments. Plaintiffs contend that taking commercial photographs in the Park without a permit would violate the above ordinance and subject them to penalties of up to $1,000 in fines or 90 days in county jail pursuant to the Village Code's general penalty provision, §100.100. Plaintiffs allege that the photography at issue is artistic expression of ideas such as love, harmony, and humor, both for commercial purposes and as an expression of Josephine Havlak's individual artistic motivation. They assert that because of the threat of prosecution they are refraining from engaging in commercial photography in the Park, and that they refuse to apply for a permit because even engaging in the process of applying chills their First Amendment speech. Plaintiffs maintain in the complaint that the ordinance is content based because it only applies to commercial photographers and not amateur photographers, and not to the Village itself which uses photographs of the Park on its website.

Plaintiffs seek declaratory judgment that the ordinance is unconstitutional, both facially and as applied to Plaintiffs, under the First, Fourth, and Fourteenth Amendments. Plaintiffs also seek to preliminarily and permanently enjoin Defendants from enforcing the ordinance as to Plaintiffs.

## **ARGUMENTS OF THE PARTIES**

In support of their motion to dismiss, Defendants first assert that Plaintiffs lack standing. Defendants recognize that actual injury exists for purposes of standing where an objectively reasonable threat of prosecution has chilled an individual from exercising a First Amendment right. Defendants contend, however, that Plaintiffs have not shown

objectively reasonable fears of prosecution. With respect to the Havlak Plaintiffs, Defendants argue that these Plaintiffs "can easily obtain a permit and the mere *possibility* they *could* be issued a summons is insufficient to establish standing." (Doc. No. 40 at 4.) With respect to the Hills, Defendants argue that these Plaintiffs do not face any threat of prosecution, because the ordinance does not apply to customers of a vendor or business operating in the Park without a permit. Thus, according to Defendants, the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Defendants also urge dismissal pursuant to Rule 12(b)(6) for failure to state a claim. Defendants argue that taking photographs solely for private or personal use by paying customers is not an activity covered by the First Amendment because the purpose is primarily commercial rather than expressive and there is no public audience. Assuming *arguendo* that Plaintiffs' desired activity is covered by the First Amendment, Defendants assert that the challenged ordinance withstands constitutional scrutiny. First, Defendants argue that the Havlak Plaintiffs' desired activity combines both speech and non-speech elements, and therefore "a sufficiently important governmental interest in regulating the nonspeech element can justify" an incidental limitation on free speech. (Doc. No. 40 at 11.) Defendants additionally contend that the permit requirement is a content-neutral restriction and thus must be upheld so long as it is "narrowly tailored to serve a significant government interest and leave[s] open ample alternatives for communication." (Doc. No. 40 at 12.)

Defendants maintain that the Village has a substantial interest in mitigating

disruption of Park activities and ensuring the public is able to use the relatively small Park. Defendants reason that the ordinance is narrowly tailored to serve these interests, since the ordinance instructs that when evaluating requests for permits, factors to be considered include disruption of public use of the Park, congestion and crowd control, and the utilization of furniture, tents, or props.

Defendants also maintain that Plaintiffs have ample alternative channels for expression. Defendants argue that the Havlak Plaintiffs may obtain a permit to engage in commercial photography in the Park without any undue burden. Alternatively, Defendants suggest that if the Havlak Plaintiffs do not wish to obtain a permit, they may utilize "a significant number of parks located in the greater St. Louis area" to provide a similar stage for photographs. (Doc. No. 40 at 16.)

In response, Plaintiffs argue that they have standing to challenge the ordinance for two reasons. First, Plaintiffs assert that they are not required to wait until they have actually been prosecuted under the ordinance. Rather, because Plaintiffs' desired conduct would violate the ordinance and the Village has not disavowed any intention to enforce the ordinance, Plaintiffs contend that they face an objective and certainly impending threat of prosecution sufficient to establish standing. Second, Plaintiffs allege that they desire to engage in a First Amendment protected activity but have abstained from doing so because of the ordinance. Plaintiffs argue that this very abstention constitutes an actual injury for purposes of standing "because socially valuable expression is chilled." (Doc. No. 46 at 11.) Plaintiffs also disagree with Defendants' assertion that the Hills are not subject to the ordinance, arguing that if the Hills allow the Havlak Plaintiffs to take

6

their photographs without a permit, the Hills have used the Park for a commercial purpose in violation of the ordinance.

The Havlak Plaintiffs also argue that their photography is protected by the First Amendment, because they intend to express "love, harmony, unity, prosperity, stability, comeliness, sweetness, humor, tranquility and peace" through the resulting photographs. (Doc. No. 46 at 6.) The Havlak Plaintiffs assert that this expressive message is conveyed to an audience, namely the owner and other subsequent viewers of the photographs. The Havlak Plaintiffs therefore contend that the desired photographs have an expressive purpose as well as a commercial one, and the taking of such photographs is an artistic expression entitled to First Amendment protection.

Without conceding that this is the appropriate legal standard, Plaintiffs further contend that the ordinance is not narrowly tailored to serve a significant government interest and does not leave open ample alternatives for communication. Although Plaintiffs recognize that safety and aesthetics are legitimate government interests, Plaintiffs argue that the ordinance's restriction of commercial activity has no relation to these interests. Plaintiffs assert that non-commercial and commercial photography are equally disruptive to public use of the Park, and that any distinction between the two is meaningless. According to Plaintiffs, Defendants have not met their burden to show that the ordinance serves a significant governmental interest because Defendants failed to articulate any harm exclusively caused by commercial activity.

Plaintiffs further contend that the ordinance does not allow for alternative channels of communication. Applying for and obtaining a permit in advance of taking commercial

photographs is unacceptable to the Havlak Plaintiffs because "their sort of photography requires spontaneity depending on lighting and weather conditions." (Doc. 46 at 6.) The Havlak Plaintiffs further argue that the Park is a "unique and beautiful space," and that artists have a right to decide the appropriate setting for their expressive works. (Doc. No. 46 at 22.) Thus, in the Havlak Plaintiffs' view, a different park is not an adequate alternative forum in which to take the desired photographs.

Regarding standing, Defendants reply that the Havlak Plaintiffs would likely be issued a permit allowing commercial photography in the Park, but the Havlak Plaintiffs refuse to apply for such a permit. Defendants argue that unless the Havlak Plaintiffs have an objectively reasonable fear that their request for a permit will be denied, they lack standing to challenge the permit requirement. Defendants repeat their position that the ordinance is directed at persons or entities who solicit business or services, offer or advertise merchandise for sale, or otherwise conduct commercial activities in the Park – not their customers. Defendants contend that Plaintiffs' interpretation of the ordinance to apply to the Hills is untenable. Further, Defendants reason that the Hills "are not taking photographs, communicating a message, or expressing any ideas," and therefore the Hills lack standing to assert the alleged First Amendment violations because their activities are not within the purview of the First Amendment.

Defendants also contend that even if the Havlak Plaintiffs have an expressive purpose, it is not communicated to a public audience. Defendants argue that any message conveyed by the photographs is limited to a private audience, the Hills, and that the photographs are intended solely for personal use by the Hills. Thus, according to

8

Defendants, the Havlak Plaintiffs' activities are not protected expression under the First Amendment.

Lastly, Defendants assert that content-neutral permitting requirements, such as the one at issue here, are "regularly upheld." (Doc. No. 47 at 9.) Defendants argue that the ordinance is designed to minimize conflicting uses of and prevent damage to the Park, and that requiring a permit prior to engaging in commercial activity within the Park furthers these objectives. The possibility that similar non-commercial activity may take place without a permit, in Defendants' view, does not render the ordinance unconstitutional. Defendants urge that the Havlak Plaintiffs have ample opportunity to engage in commercial photography within the Park because they can apply for and obtain a permit without any undue burden.

## DISCUSSION

### Standing

Standing is a threshold jurisdictional issue which requires that the plaintiff has suffered a concrete, particularized injury in fact which is fairly traceable to the challenged action of defendants and likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992). Here, to establish injury in fact, Plaintiffs "need not have been actually prosecuted or threatened with prosecution." *See 281 Care Comm. v. Arneson*, 638 F.3d 621, 627 (8th Cir. 2011). Rather, Plaintiffs need only show that they "would like to engage in arguably protected speech," but that they are "chilled from doing so" by the existence of the ordinance. *Id.* Self-censorship that is based on "imaginary or speculative" fears of prosecution, however, is insufficient to

establish standing. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979).

### 1. The Havlak Plaintiffs

The Havlak Plaintiffs allege that the existence of the ordinance has chilled them from taking the desired photographs. They wish to take photographs in the Park spontaneously, without a permit, when lighting and weather conditions are favorable. Defendants do not dispute that taking commercial photographs in the Park without a permit would violate the ordinance. Nor have Defendants undermined the chilling effect of the ordinance by establishing either a "long history of disuse" or "a clear statement by proper authorities that they do not intend to enforce the statute." *See 281 Care Comm.*, 638 F.3d at 628. Therefore, the Havlak Plaintiffs' fears of prosecution are objectively reasonable.

Defendants argue that the Havlak Plaintiffs lack standing to challenge the permit requirement because they have not actually applied for a permit. However, an individual has standing to facially challenge to a prior restraint on free expression without first applying for, or being denied, a permit. *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 755-57 (1988). Thus, the Court concludes that the Havlak Plaintiffs have standing to challenge the requirement that they must request a permit at all.

Defendants, citing *Zanders v. Swanson*, 573 F.3d 591, 593-94 (8th Cir. 2009), assert that the Havlak Plaintiffs' "disapproval" of the permitting requirement, standing alone, "is insufficient to confer Article III standing without an objectively reasonable apprehension of denial of a permit and subsequent prosecution." (Doc. 47 at 3.) *Zanders*

held that there was no credible threat of prosecution where the challenged statute did not prohibit the speech plaintiffs claimed was chilled.  *Zanders*, 573 F.3d at 594.  Here, it is undisputed that the Havlak Plaintiffs are subject to the permit requirement and that the ordinance prohibits commercial photography without a permit, the very conduct that Plaintiffs allege is chilled.  *Zanders* is therefore inapposite.

### The Hills

The Court agrees with Defendants that the Hills do not have standing.  While paying a commercial photographer to take their photographs would constitute commercial activity, the Court does not believe it constitutes First Amendment speech.  The Hills have cited the Court to no cases suggesting that individuals in their position have standing to challenge Ordinance No. 459.  Nor is this a situation where a third party may assert the First Amendment rights of another, as the Havlak Plaintiffs are fully able to litigate this case.  Thus, the motion to dismiss shall be granted with respect to the Hills.

### Do the Havlak Plaintiffs State a Claim?

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, which accepted as true, states a claim for relief "that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster; this standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but is not required to

accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Lukien Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "'draw on its judicial experience and common sense,'" in considering the plausibility of the plaintiff's claim. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

The First Amendment, applied to the states through the Fourteenth Amendment, prohibits laws "abridging the freedom of speech." U.S. CONST. amend. I. For purposes of First Amendment coverage, "the Constitution looks beyond written or spoken words as mediums of expression," *Hurley v. Irish–Am. Gay, Lesbian & Bisexual Grp. of Boston*, 515 U.S. 557, 569 (1995), extending its protection to include, inter alia, "pictures, films, paintings, drawings, and engravings," *Kaplan v. California*, 413 U.S. 115, 119-20 (1973). In *National Endowment for the Arts v. Finley*, 524 U.S. 569 (1998), the Supreme Court explained as follows:

> It goes without saying that artistic expression lies within this First Amendment protection. The constitutional protection of artistic works turns not on the political significance that may be attributable to such productions, though they may indeed comment on the political, but simply on their expressive character, which falls within a spectrum of protected "speech" extending outward from the core of overtly political declarations. Put differently, art is entitled to full protection because our "cultural life," just like our native politics, rests upon the ideal of governmental viewpoint neutrality.

*Finley*, 524 U.S. at 602 (citations omitted). Moreover, "the degree of First Amendment protection" to which speech is entitled "is not diminished merely because the . . . speech is sold rather than given away." *City of Lakewood,* 486 U.S. at 756 n. 5; *see also Mastrovincenzo v. City of New* York, 435 F.3d 78, 92 (2d Cir. 2006).

To achieve First Amendment protection, a plaintiff must show that he or she possessed: (1) a message to be communicated; and (2) an audience to receive that message, regardless of the medium in which the message is to be expressed. *Hurley*, 515 U.S. at 568. But, "a narrow, succinctly articulable message is not a condition of constitutional protection, which if confined to expressions conveying a 'particularized message,' . . . would never reach the unquestionably shielded painting of Jackson Pollock, music of Arnold Schöenberg, or Jabberwocky verse of Lewis Carroll." *Id*. at 569.

"Although it is common to place the burden upon the Government to justify impingements on First Amendment interests, it is the obligation of the person desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment even applies." *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293, 294 n.5 (1984).

Defendants cite three cases which suggest that taking commissioned photographs intended for private use is not an expressive activity covered by the First Amendment: *Porat v. Lincoln Towers Community Association*, No. 04 Civ. 3199(LAP), 2005 WL 646093 (S.D.N.Y. Mar. 21, 2005); *Larsen v. Fort Wayne Police Department*, 825 F. Supp. 2d 965, 979 (N.D. Ind. 2010); and *State v. Chepilko*, 965 A.2d 190, 199 (N.J. Super. Ct. App. Div. 2009). *Porat* held that an individual's "purely private recreational, non-communicative photography" of buildings under construction was not protected under the First Amendment because the self-proclaimed "photo hobbyist" did not have a communicative purpose or any intended audience for his photos. 2005 WL 646093, at *4-5. *Larsen* concluded that a father's videotaping of his daughter's school performance

13

for "personal archival purposes" and "family documentation" also did not qualify for First Amendment protection. 825 F. Supp. 2d at 980. And *Chepilko* reasoned that the taking of photographs of people walking on the boardwalk and offering the photographs for sale to the subjects was not entitled to First Amendment protection because the conduct did not serve "predominantly expressive purposes." 965 A.2d at 202.

Of course these cases are not controlling, and the Court believes that each is distinguishable from the present case. The Court is not ready to conclude as a matter of law at this stage of the proceedings that the photography at issue here is not covered by the First Amendment. *See Bery v. City of New York*, 97 F.3d 689, 696 (2d Cir. 1996) (holding that traditional forms of art, including paintings, photographs, prints, and sculptures, "always communicate some idea or concept" and are therefore presumptively covered by the First Amendment); *Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1060 (9th Cir. 2010) (holding at summary judgment stage that tattoos and the process of tattooing are "expressive activity fully protected by the First Amendment"; "tattoos can express a countless variety of messages and serve a wide variety of functions including decorative; religious; . . . and as an indication of identity") (citation omitted).

**Is Ordinance No. 459 Constitutional as Applied to the Havlak Plaintiffs?**

Parks are a traditionally public forum, historically associated with the free exercise of expressive activities, *United States v. Grace*, 461 U.S. 171, 177 (1983), and Ordinance No. 459 requiring a permit to engage in commercial photography in the Park is a prior restraint on such conduct, carrying a "heavy presumption" against the validity of a prior restraint, *see Forsyth Cty., Ga. v. Nationalist Movement*, 505 U.S. 123, 130 (1992).

Nevertheless, the Supreme Court has recognized that "government, in order to regulate competing uses of public forums, may impose a permit requirement on those wishing to" engage in protected speech in that forum. *Forsyth Cty., Ga,* 505 U.S. at 130.

> Such a [permit] scheme, however, must meet certain constitutional requirements. It may not delegate overly broad licensing discretion to a government official. Further, any permit scheme controlling the time, place, and manner of speech must not be based on the content of the message, must be narrowly tailored to serve a significant governmental interest, and must leave open ample alternatives for communication.

*Id.*; *see also Pence v. City of St. Louis, Mo.*, 958 F. Supp. 2d 1079, 1083 (E.D. Mo. 2013) (citations omitted).

Here, the Court finds unpersuasive Plaintiffs' argument that the fact that amateur photography in the Park, and photography by the Village itself, is not regulated somehow makes the ordinance content based. But the Ordinance may be invalid because it is not narrowly tailored to serve a significant government interest, and does not leave open ample alternatives for the Havlak Plaintiffs' artistic expression.

Courts, including the Eighth Circuit, have expressed doubt as to the nexus between a permit requirement for small groups and the governmental interest in managing public spaces. *See, e.g., Douglas v. Brownell*, 88 F.3d 1511, 1524 (8th Cir. 1996) (expressing concern about the application of a permit requirement to groups of ten persons); *Berger v. City of Seattle*, 569 F.3d 1029, 1039 (9th Cir. 2009) ("[W]e and almost every other circuit . . . have refused to uphold registration requirements that apply to individual speakers or small groups in a public forum.") (citations omitted); *cf. Bowman v. White*, 444 F.3d 967, 981 (8th Cir. 2006) ("The University has a significant public safety interest in requiring a

permit because of the time and resources necessary to accommodate the crowds [as large as 200 people] that [Plaintiff] attracts."); *Grossman v. City of Portland*, 33 F.3d 1200, 1206 (9th Cir. 1994) ("Some type of permit requirement may be justified in the case of large groups, where the burden placed on park facilities and the possibility of interference with other park users is more substantial."). In this analysis, the size of the group involved relative to the space involved would be relevant. Because the case is at the motion to dismiss stage, there is no evidence as to whether the Village's interests in maintaining public order and convenience can be better served by measures less intrusive on First Amendment freedoms.

With respect to alternatives available to the Havlak Plaintiffs, to say that they can use other parks in other municipalities misses the mark. The Court also finds persuasive the Havlak Plaintiffs' argument that the advance notice requirements may chill them from engaging in protected expression because weather and lighting of the particular day photographs are taken are significant factors. Moreover, the failure to specify the amount of a fee that may be charged makes it difficult to assess the reasonableness of the regulatory scheme. The authority provided in the ordinance for limiting the Havlak Plaintiffs' relevant conduct to certain designated areas of the Park, possibly not including the bridge area, also raises questions.

In sum, at this stage of the proceedings, it is not clear to the Court that Ordinance No. 459 passes constitutional scrutiny.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED** with respect to the Havlak Plaintiffs and **GRANTED** with respect to the Hill Plaintiffs. (Doc. No. 38.)

**IT IS FURTHER ORDERED** that pursuant to the Case Management Order (Doc. No. 21) entered in this case, within seven days of the date of this Memorandum and Order, the parties shall confer and attempt to reach an agreement with respect to any needed discovery. The parties shall have 30 days thereafter to conduct discovery. In addition, the parties shall engage in good faith settlement discussions within 20 days of the date of this Memorandum and Order. The Court will hold an evidentiary hearing on the motion for preliminary and permanent injunction approximately 42 days after the close of discovery. The Court will arrange a conference call with counsel to set a specific date.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2016.